IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRETT A. TURNQUIST, | CV 16-00073-H-DLC-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CANDICE BAKER, et al., | |
| Defendants. | |

Plaintiff Brett Turnquist, a state prisoner proceeding without counsel, filed a

Complaint under 42 U.S.C. § 1983 alleging Defendants denied him treatment for

his medical and mental health needs in violation of the Eighth Amendment to the

United States Constitution.  (Doc. 2.)  Mr. Turnquist then filed two documents

which were construed as motions for injunctive relief:  (1) a "Request for

Immediate Court Intervention because of Defendant Kohut, et al., Defendants

herein, Retaliation for Plaintiff seeking Access to Court" (Doc. 6) filed August 29,

2016; and (2) a "Request for Emergency Court Intervention" (Doc. 10) filed

September 30, 2016.

The case was served on Defendants and Defendants were required to file a

response to Mr. Turnquist's motions for injunctive relief.  (Doc. 12.)  On

December 19 and December 20, 2016, Defendants filed oppositions to the motions

arguing both the merits of the motions and that Mr. Turnquist's requests for

injunctive relief may be moot.  (Docs. 17, 19.)

According to Defendants, Mr. Turnquist was granted parole on September

30, 2016, and on December 14, 2016, was transferred to Kalispell and placed on

furlough.  As of December 19, 2016, when Defendants filed their response, Mr.

Turnquist was still on furlough status.  Defendants argued that Mr. Turnquist's

claims for injunctive relief are now moot because he has been transferred from

Montana State Prison (MSP) and is no longer under the care of any MSP

healthcare providers or staff.  (Doc. 17 at 14-15.)

"When an inmate challenges prison conditions at a particular correctional

facility, but has been transferred from the facility and has no reasonable

expectation of returning, his claim [for injunctive relief] is moot." *Pride v. Correa*,

719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519

(9th Cir. 1991)).  Mr. Turnquist was therefore required to show cause why his

motions for injunctive relief were not moot.  (Doc. 25.)

Mr. Turnquist filed a response indicating that he "relapsed" on January 15,

2017, and is in the process of returning to Montana State Prison.  According to the

Department of Corrections website, Mr. Turnquist is currently incarcerated at the

Flathead County Detention Facility.  Mr. Turnquist indicated that there is an

expectation that he will soon be returned to Montana State Prison. Out of an abundance of caution, the Court will examine the merits of Mr. Turnquist's motions.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing

of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th

Cir. 2011). The Ninth Circuit recognizes one such "approach under which a

preliminary injunction could issue where the likelihood of success is such that

serious questions going to the merits were raised and the balance of hardships tips

sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a*

*clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068,

1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a

mandatory injunction seeking relief well beyond the status quo is disfavored and

shall not be granted unless the facts and law clearly favor the moving party.

*Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

In order to prove a § 1983 claim for violation of the Eighth Amendment

based on inadequate medical or mental health care, a plaintiff must show "acts or

omissions sufficiently harmful to evidence deliberate indifference to serious

medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, in order to

prevail, Mr. Turnquist must show both that his medical needs were objectively

serious, and that Defendants possessed a sufficiently culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *McKinney v. Anderson*, 959 F.2d 853,

854 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is

"deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *Wood v. Housewright*, 900 F.2d 1332, 133741 (9th Cir. 1990) (citing cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200–01 (9th Cir. 1989); *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). The Court will presume for purposes of this Order that Mr. Turnquist has serious medical/mental health care needs.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. *Farmer*, 511 U.S. at 835. Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted). Deliberate indifference can be established "by showing

(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

Mr. Turnquist made conclusory statements which are insufficient to demonstrate a likelihood of success on the merits. In his first motion, Mr. Turnquist claims his medication was discontinued, his medical kites (requests) are being ignored, he is being denied communications with a psychiatrist, and he continues to struggle with his hearing loss. (Doc. 6.) In response, Defendants submitted medical records indicating that Mr. Turnquist was seen by medical staff no less than 17 times between November 2015 and September 2016. He was seen by Psychiatrist Nielsen on June 17, 2016, July 22, 2016, September 9, 2016 and October 14, 2016. He has also been seen by medical providers outside of the prison in August 2015 and January 2016. (Doc. 17, attachments.) With regard to his hearing loss, Defendants presented evidence that Mr. Turnquist was provided

with a hearing aid but he requested a different type of hearing aid. When medical staff refused his request, he refused the initial hearing aid that was given to him. (Doc. 17.)

In support of his motion, Mr. Turnquist submitted affidavits from two other inmates who attest to Mr. Turnquist having serious medical issues. The issue at hand, however, is not whether Mr. Turnquist has medical issues, it is whether Defendants are being deliberately indifferent to those issues. There is no evidence that Mr. Turnquist has a likelihood of demonstrating that any named Defendant is being deliberately indifferent to his serious medical or mental health needs.

In Mr. Turnquist's second motion for emergency court intervention, he indicates he saw Dr. Kohut on September 19, 2016, and Dr. Kohut ordered blood draws and stool samples on September 20, 2016. He contends he returned the stool sample on September 20, 2016, which contained black stool and he complained to Dr. Kohut that he was concerned about his recent weight gain. He takes issue with Dr. Kohut's response that the issues would likely go away in two to six weeks. He requests to be given Protonix which is a medication prescribed to him by Dr. Jason McIsaac at the Deer Lodge Medical Center in August 2015. (Doc. 10.)

Instead of waiting to see if Dr. Kohut was correct in his diagnosis and treatment, Mr. Turnquist immediately filed his motion with the Court on

September 26, 2016. Mr. Turnquist's disagreement with Dr. Kohut's treatment methods does not demonstrate a likelihood of success on the merits. "A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not [without more] amount to deliberate of indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). To establish that such a difference of opinion amounted to deliberate indifference, a prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Mr. Turnquist has not met his burden of demonstrating that Dr. Kohut's treatment was medically unacceptable under the circumstances. Mr. Turnquist was treated by Dr. Kohut with Pepto-Bismol and Immodium, and on September 23, 2016, he told Dr. Kohut that he had been hydrating well and his diarrhea was getting better. (Doc. 19-1 at 7.)

Mr. Turnquist failed to demonstrate a likelihood of success on the merits of his claims. As such, he has not met his burden for obtaining injunctive relief at this stage of the proceedings.

The Clerk of Court is directed to serve a copy of these Findings and Recommendations on Mr. Turnquist at the Flathead County Detention Center, 920 South Main Street, Suite 100, Kalispell, MT 59901. Mr. Turnquist must immediately advise the Court and opposing counsel of any change of address. A failure to do so will request in a recommendation that this matter be dismissed.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Turnquist's "Request for Immediate Court Intervention because of Defendant Kohut, et al., Defendants herein, Retaliation for Plaintiff seeking Access to Court" (Doc. 6) as construed as a motion for injunctive relief should be DENIED.

2. Mr. Turnquist's "Request for Emergency Court Intervention" (Doc. 10) as construed as a request for injunctive relief should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of February 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge