```
                                                              FILED
IN THE UNITED STATES DISTRICT COURT         MAR 21 2017
       FOR THE DISTRICT OF MONTANA
           HELENA DIVISION              Clerk, U.S. District Court
                                           District of Montana
                                                Missoula
```

| | |
|---|---|
| BRETT A. TURNQUIST, | CV 16–73–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| CANDICE BAKER, et al., | |
| Defendants. | |

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this matter on February 17, 2017, recommending denial of Plaintiff Brett A. Turnquist's ("Turnquist") requests for intervention (Docs. 6,10), which were liberally construed as motions for injunctive relief. Turnquist filed objections and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.

2000).

Upon de novo review of the "objections," the Court finds that Turnquist fails to allege any legal error with Judge Johnston's findings and, instead, proceeds to list various medical issues that he alleges are not being properly treated. Despite his allegations, Turnquist fails to provide any evidence that Defendants have shown a deliberate indifference to his medical needs. Specifically, although Turnquist has alleged facts that may establish that he has serious medical needs, he has failed to allege facts that show that prison officials have disregarded "an excessive risk to [his] health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). In fact, as noted by Judge Johnston, Defendants have submitted documentation that Turnquist has been seen by prison medical staff and medical providers outside the prison more than 20 times between August 2015 and September 2016. (*See* Doc. 17.) Consequently, the Court agrees with Judge Johnston that Turnquist has not shown a likelihood of success on the merits of his claims and fails to carry his burden in obtaining injunctive relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (stating that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits" of his claim).

Lastly, the Court notes that Turnquist's objections also argue that his

"health and safety were denied" by prison officials after his request to move away from another inmate was rejected and he was subsequently assaulted. (Doc. 33 at 2.) Liberally construed, this could raise an argument that prison officials failed to protect him from other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (discussing the duty of prison officials "to protect prisoners from violence at the hands of other prisoners").

Notwithstanding this argument, the Court finds that Turnquist failed to raise it before Judge Johnston. "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Friends of the Wild Swan v. Weber*, 955 F. Supp. 2d 1191, 1194 (D. Mont. 2013), aff'd, 767 F.3d 936 (9th Cir. 2014) (citation omitted). This is because "the Magistrates Act was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Id.* As a result, because Turnquist failed to present this argument in the underlying motions, the Court declines to address it now. Turnquist's objections are overruled.

Accordingly, the Court reviews the remainder Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 31) are ADOPTED IN FULL;

(2) Turnquist's "Request for Immediate Court Intervention because of Defendant Kohut, et al., Defendants herein, Retaliation for Plaintiff seeking Access to Court" (Doc. 6) as construed as a motion for injunctive relief is DENIED.

(3) Turnquist's "Request for Emergency Court Intervention" (Doc. 10) as construed as a request for injunctive relief is DENIED.

DATED this 21st day of March, 2017.

Dana L. Christensen, Chief Judge
United States District Court